IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CHARLES SMITH**                                                                              **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 5:18-cv-86-DCB-MTP**

**JUSTIN GREEN, *et al*.**                                                                **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Motion [58] for Summary Judgment filed by Defendants Jody Bradley, Terry Daniel, Bryan Gaston, Chandra Huey, Michael Jonson, Yashicka Matlock, Tonya Toomey, Michael Turner, and Briana Chester. Having carefully considered the parties' submissions and the applicable law, the undersigned recommends that Motion [58] be granted and that the movants be dismissed without prejudice.

## FACTUAL BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"). The events he complains of occurred at the Wilkinson County Correctional Facility ("WCCF")— a Mississippi prison that is run by Management & Training Corporation ("MTC").

Plaintiff claims that on May 29, 2018, Defendant Green "slammed" Plaintiff's right pinky finger in the tray slot of his cell door because Plaintiff accused Green of lying. Plaintiff claims he was initially denied medical care, but he was eventually seen by Defendant Burke, a physician at WCCF. According to Plaintiff, his finger still hurts, and he cannot move the tip of it. Plaintiff sued Defendants Bradley, Daniel, Gaston, Huey, Jonson, Matlock, Toomey, Turner, and Chester for denying him medical care for his finger after Defendant Green allegedly injured him.[1]

---

[1] Plaintiff sued other corrections officers and medical staff at WCCF. These other Defendants have not moved for summary judgment at this time.

These Defendants filed Motion [58] for Summary Judgment arguing that Plaintiff had not exhausted his administrative remedies before filing suit against them. Plaintiff has responded [60]. The matter is now ripe for review.

## ANALYSIS

### *Summary Judgment Standard*

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

*Failure to Exhaust*

Movants submit that Plaintiff did not exhaust his administrative remedies through the prison grievance system before filing suit because they were not named in the grievance. If so, this would bar Plaintiff from bringing his claims against these Defendants under 42 U.S.C. § 1983. Plaintiff argues, however, that he did exhaust his administrative remedies regarding his injured finger, and it was not necessary for him to name every defendant he intended to later sue.

Plaintiff submitted a grievance on May 29, 2018 complaining about Defendant Green slamming his finger in the tray slot and then refusing to take him for medical treatment. *See* Mot. [58], Ex. 1 at 6. Plaintiff requested that "this official be held liable for his action in assaulting me Smith and disciplined; and that the official compensate me in the sum of $40,000…." *Id*. Defendants Bradley, Daniel, Gaston, Huey, Jonson, Matlock, Toomey, Turner, and Chester were not mentioned. The grievance was rejected because the relief requested was outside the power of the administrative remedy program ("ARP") to grant. *Id*. at 5. Plaintiff filed several other grievances while at WCCF, but none of the other grievances addressed the May 29 incident involving his pinky finger.[2]

The Prison Litigation Reform Act ("PLRA") mandates that prisoners exhaust all administrative remedies available to them before filing suit. 42 U.S.C. § 1997e(a). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah Cty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). "District courts have no discretion to excuse a prisoner's failure to properly exhaust

---

[2] Most of Plaintiff's grievances center around Defendant Green. One mentions the May 29 incident as support for why Plaintiff did not want to interact with Defendant Green, but the finger injury was not the subject of this other grievance. *See* Mot. [58], Ex.1 at 32.

3

the prison grievance process before filing their complaint… and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement." *Washington v. Brisolara*, 2016 WL 3982504, at *2 (S.D. Miss. July 22, 2016).

The degree of specificity required in a grievance is determined by each prison's own protocol. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The Fifth Circuit has held that grievances should provide prison officials fair notice of an inmate's specific complaints and the "time and opportunity to address [the] complaints internally." *Johnson v. Johnson*, 385 F.3d 503, 516 (5th Cir. 2004). "Thus, a grievance should be considered sufficient to the extent that the grievance gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Id*. at 517.

Plaintiff submits that he was not required to individually name all the defendants in his grievance and relies on *Jones v. Bock*, 549 U.S. 199 (2007) for the proposition that a grievance is not per se inadequate because it fails to name a prison official who is later sued. But *Jones* also held that the "level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA that define the boundaries of proper exhaustion." 549 U.S. at 218. The Court must, therefore, look to the requirements of the grievance system at WCCF to determine if Plaintiff exhausted his claims against these Defendants.

Inmates at WCCF may reference the MDOC Inmate Handbook when seeking guidance on the ARP process. *See* https://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf (MDOC Inmate Handbook, Chapter VIII, Administrative

Remedy Program).   The handbook directs inmates to "present as many facts as possible to answer all the questions who, what, when, where, and how concerning the incident."  *Id*.  This Court has previously held that "this portion of the ARP requires that all officials involved be named or at least referenced in description."  *Holton v. Hogan*, 2018 WL 707544, at *3 (S.D. Miss. Jan. 10, 2018) (citing *Curry v. Scott*, 249 F.3d 493, 504-05 (6th Cir. 2001)).

Defendants argue that this instruction required Plaintiff to identify all the defendants he intended to sue by naming them in the grievance or at least referencing them.  Yet, only Defendant Green is named in the relevant grievance.  The moving defendants were not placed on notice that Plaintiff had a complaint against them, and the grievance did not give the prison an opportunity to address Plaintiff's complaints against these defendants.

For these reasons, the undersigned finds that Plaintiff did not exhaust his administrative remedies against Bradley, Daniel, Gaston, Huey, Jonson, Matlock, Toomey, Turner, and Chester because they were not identified in the grievance.  There is no genuine dispute of material fact and the moving defendants are entitled to summary judgment.  The case should proceed at this time against Defendants Justin Green, Unknown Jones, James Burke, Eshunna Robinson, Delvie Gales, and Unknown Windlaw.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends granting the Motion [58] for Summary Judgment and dismissing Defendants Jody Bradley, Terry Daniel, Bryan Gaston, Chandra Huey, Michael Jonson, Yashicka Matlock, Tonya Toomey, Michael Turner, and Briana Chester without prejudice.

**RIGHT TO OBJECT**

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 25th day of September, 2019

s/ Michael T. Parker<br>United States Magistrate Judge