IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CHARLES SMITH**                                                                                  **PLAINTIFF**

**VERSUS**                                                    **CIVIL ACTION NO. 5:18-cv-86-DCB-MTP**

**JUSTIN GREEN**, *et al*.                                                        **DEFENDANTS**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Motion [80] for Summary Judgment filed by Defendants James Burke, Delvie Gales, and Eshunna Robinson. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Motion [80] be granted and that these movants be dismissed from this action without prejudice.

## FACTUAL BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"). The events he complains of occurred at the Wilkinson County Correctional Facility ("WCCF")— a Mississippi prison that is run by Management & Training Corporation ("MTC").

Plaintiff claims that on May 29, 2018, Defendant Green, an officer at WCCF, "slammed" his right "pinky" finger in the tray slot of his cell door because he accused Green of lying. Plaintiff claims he was initially denied medical care, but he was eventually seen by Defendant Burke, a physician at WCCF. According to Plaintiff, his finger still hurts, and he cannot move the tip of it.

Plaintiff alleges that Defendants Burke, Gales, and Robinson— who are all employed by Centurion and provide medical care at WCCF— delayed and denied medical treatment after Defendant Green allegedly injured his finger. These Defendants filed Motion [80] for Summary

1

Judgment arguing that Plaintiff had not exhausted his administrative remedies before filing suit against them. Plaintiff responded to the Motion [80] and admits that he did not exhaust his administrative remedies against these Defendants. Resp. [83]. This matter is now ripe for review.

## ANALYSIS

### *Summary Judgment Standard*

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)).

*Failure to Exhaust*

The Prison Litigation Reform Act ("PLRA") mandates that prisoners exhaust all administrative remedies available to them before filing suit. 42 U.S.C. § 1997e(a). Exhaustion is mandatory for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Alexander v. Tippah Cty., Miss.*, 351 F.3d 626, 630 (5th Cir. 2003) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their complaint… and the case must be dismissed if available administrative remedies were not exhausted." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012). "Merely initiating the grievance process or putting prison officials on notice of a complaint is insufficient to meet the exhaustion requirement." *Washington v. Brisolara*, 2016 WL 3982504, at *2 (S.D. Miss. July 22, 2016).

Plaintiff concedes that he did not exhaust his administrative remedies against Defendants Burke, Gales, and Robinson before filing suit. Resp. [83].[1] There is no genuine issue of material fact, and the parties agree that Plaintiff did not exhaust his administrative remedies against the Centurion Defendants. Defendants Burke, Gales, and Robinson, therefore, are entitled to summary judgment.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Motion [80] for Summary Judgment be GRANTED and that Defendants Burke, Gales, and Robinson be DISMISSED from this action without prejudice.

---

[1] The undersigned also notes that the summary judgment evidence demonstrates that Plaintiff did not submit grievances relating to these Defendants in conjunction with the May 29, 2018 incident. *See* Mot. [80], Ex. 1.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 2nd day of January, 2020.

s/ Michael T. Parker
United States Magistrate Judge
