IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

WESTERN DIVISION

CHARLES SMITH                                                  PLAINTIFF

v.                      CIVIL ACTION NO. 5:18-cv-86-DCB-MTP

JUSTIN GREEN, et al.                                  DEFENDANTS

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

    This matter is before the Court on the Motion for Summary Judgment [ECF No. 58] filed by Defendants Jody Bradley, Terry Daniel, Bryan Gaston, Chandra Huey, Michael Jonson, Yashicka Matlock, Tonya Tommey, Michael Turner and Briana Chester, Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 78], and a letter to the Court by Plaintiff Charles Smith, in which he states that he has no objection to the Report and Recommendation of Magistrate Judge Parker [ECF No. 79]. Magistrate Judge Parker recommends that the Motion for Summary Judgment should be granted and that aforementioned defendants be dismissed without prejudice.

<u>Background</u>

    Plaintiff, proceeding <u>pro</u> <u>se</u> and <u>in</u> <u>forma</u> <u>pauperis</u>, is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"). The events at issue occurred at the Wilkinson County Correctional Facility ("WCCF") – a Mississippi prison that is run by Management & Training

Corporation ("MTC"). Plaintiff alleges that on May 29, 2018, Defendant Green "slammed" Smith's right pinky finger in the tray slot of his cell door because Smith accused Green of lying. Smith claims that he was initially denied medical care, but that a physician at WCCF, Defendant Burke, eventually saw him for his injury. Plaintiff sues Defendants Bradley, Daniel, Gaston, Huey, Jonson, Matlock, Tommey, Turner, and Chester for denying him medical care after Defendant Green allegedly injured him.

## Discussion

Smith submitted a grievance on May 29, 2018 complaining about Defendant Green slamming his finger in the tray slot and refusing to take him for medical treatment. Defendants Bradley, Daniel, Gaston, Huey, Jonson, Matlock, Toomey, Turner, and Chester were not mentioned in the grievance. Movants submit that Smith did not exhaust his administrative remedies through the prison grievance system before filing suit because they were not named in the grievance that Smith filed.

The Prison Litigation Reform Act ("PLRA") mandates that prisoners exhaust all administrative remedies available to them before filing suit. 42 U.S.C. § 1997e(a). A "case must be dismissed if the available administrative remedies were not exhausted." Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012). The Supreme Court stated that the "level of detail necessary in

2

a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. 199, 218 (2007)(finding that a grievance is not per se inadequate for failing to name a prison official who is later sued). Therefore, the Court must look to the requirements of the grievance system at WCCF to determine whether Smith has exhausted his claims against the movants.

The MDOC Inmate Handbook provides inmates with guidance regarding the Administrative Remedy Program ("ARP"). See https://www.mdoc.ms.gov/Inmate-Info/Documents/CHAPTER_VIII.pdf (MDOC Inmate Handbook, Chapter VIII, Administrative Remedy Program). The handbook states that inmates should "present as many facts as possible to answer all the questions who, what, when, where, and how concerning the incident." Id. As none of the movants were named or described in Smith's grievance, they were not put on notice of any claim against them and Smith did not exhaust his administrative remedies against the movants. "[T]he ARP requires that all officials involved by named or at least referenced by description." Holton v. Hogan, 2018 WL 707544, at *3 (S.D. Miss. Jan. 10, 2018)(citing Curry v. Scott, 249 F.3d 493, 504–05 (6th Cir. 2001)). Since the Plaintiff has not exhausted his administrative remedies before filing suit as

3

required by the PLRA, the Defendants' Motion for Summary Judgment shall be granted.

## Conclusion

This Court finds the Report and Recommendation well taken. Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the Report and Recommendation of United States Magistrate Judge Michael T. Parker [ECF No. 78] is ADOPTED as the Order of this Court. The Defendants' Motion for Summary Judgment is GRANTED. Further, this Order hereby DISMISSES Defendants Jody Bradley, Terry Daniel, Bryan Gaston, Chandra Huey, Michael Johnson, Yashicka Matlock, Tonya Toomey, Michael Turner, and Briana Chester without prejudice.

SO ORDERED this the 6th day of January, 2020.

_s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE