```
                IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                          WESTERN DIVISION
CHARLES SMITH                                            PLAINTIFF

v.                     CIVIL ACTION NO. 5:18-cv-86-DCB-MTP

JUSTIN GREEN, et al.                                    DEFENDANTS
```

ORDER

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 84]. On January 29, 2020 Plaintiff Charles Smith ("Smith") filed an objection to the Report and Recommendation [ECF No. 86]. Having read the Report and Recommendation, the objection, relevant statutory and case law, and being otherwise fully informed in the premises, the Court adopts the Report and Recommendation as the conclusions and findings of the Court.

Background

Plaintiff, proceeding pro se and in forma pauperis, is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"). The events that Plaintiff complains of occurred at the Wilkinson County Correctional Facility ("WCCF"), a Mississippi prison that is run by Management & Training Corporation. Centurion provides medical care at WCCF and employs Defendants James Burke, M.D. ("Dr.

1

Burke"), Delvie Gales ("Nurse Gales"), and Eshunna Robinson ("Nurse Robinson")(collectively "Centurion Defendants").

Plaintiff Charles Smith contends that the Centurion Defendants delayed and denied his medical care for a May 29, 2018 finger injury. [ECF No. 84]. Specifically, Plaintiff alleges that Dr. Burke refused to order an MRI of his finger and refused to address the "submitted sick call." [ECF No. 1]. Plaintiff claims that Nurse Robinson "delayed him medical attention for long periods of time after [Plaintiff] reported his injuries to her as she issued out medications." [Doc. 12]. Plaintiff alleges in a general fashion that Nurse Gales denied and delayed medical attention to Smith. Id.

Plaintiff submitted a grievance regarding the May 29, 2018 incident through the Administrative Remedy Program ("ARP"), claiming that Captain Justin Green assaulted him by slamming his right pinky finger in his tray slot. However, the grievance did not name or complain of a Centurion Defendant, nurse, or doctor; never contended that Plaintiff requested medical attention from a Centurion Defendant; and never contended that a Centurion Defendant denied him medical attention. As such, the Centurion Defendants filed a Motion for Summary Judgment [ECF No. 80] arguing that Plaintiff has not exhausted his administrative remedies before filing suit against them.

2

## Discussion

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their available remedies before filing suit. See 42 U.S.C. § 1997e(a). The Mississippi Department of Corrections ("MDOC") has implemented an administrative remedy procedure in all of its facilities. The ARP is a formal two-step process, the initiation of which requires an inmate to submit a grievance in writing to the prison's legal claims adjudicator within thirty (30) days of the incident. See Hobson v. Fisher, No. 1:16-cv-243-RHW, 2017 WL 1042081, at *2(S.D. Miss. March 17, 2017).

A case must be dismissed if available administrative remedies were not exhausted. See Gonzales v. Seal, 702 F.3d 785, 788 (5th Cir. 2012). Here, the Centurion Defendants have submitted summary judgment evidence that showed Plaintiff failed to submit any grievances related to their alleged conduct, a fact that the Plaintiff concedes. See [ECF No. 83]. Magistrate Judge Michael T. Parker found that "[t]here is no genuine issue of material fact, and the parties agree that Plaintiff did not exhaust his administrative remedies against the Centurion Defendants." [Doc. 84] at 3. Magistrate Judge Parker recommends that the Centurion Defendants' Motion for Summary Judgment [ECF

No. 80] be granted and that the Centurion Defendants be dismissed without prejudice. Id. at 3.

On January 29, 2020, Plaintiff filed an objection to the Report and Recommendation [ECF No. 86]. In his objection, Plaintiff agrees that Nurse Robinson and Gales should be dismissed from this action. Plaintiff acknowledges that he did not exhaust his administrative remedies against the aforementioned defendants.

Smith argues that Dr. James Burke should not be dismissed. Plaintiff states as follows:

> "Dr. James B. Burke shouldn't be dismissed because during the time, he the petitioner filed his ARP relating to the defendant Green slamming his the (petitioner) finger in the tray slot; it was after such ARP filing that Dr. James D. Burke started denying the petitioner of required and needed medical attention, as it relates to defendant Green slamming the petitioners finger injuring such."

[ECF No. 86]. Plaintiff's argument that Dr. Burke allegedly began denying medical treatment to Plaintiff after he filed a grievance about Captain Green slamming his finger fails as a matter of law. However, despite filing this objection, the Plaintiff later sent a letter to the Court stating, "Dear Clerk: be advised that I will not contest against Defendants James Burke, M.D. (Dr. Burke), Eshunna Robinson (Nurse Robinson); and Delvie Gales (Nurse Gales) being dismissed from the above cause any farther (sic)." [ECF No. 88].

4

Even should the Court consider the Plaintiff's new allegation and disregard his letter, it does not establish that Smith exhausted his administrative remedies as to Dr. Burke. Plaintiff never initiated the ARP process regarding his complaint about Dr. Burke's medical care. Therefore, the Plaintiff's complaint against Dr. Burke must be dismissed for failure to exhaust administrative remedies.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the Court ADOPTS Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 84] as the findings and conclusions of this Court.

IT IS FURTHER ORDERED that the Motion for Summary Judgment [ECF No. 80] is GRANTED;

IT IS FURTHER ORDERED that Defendants Burke, Gales, and Robinson are DISMISSED from this action without prejudice.

SO ORDERED this the 9th day of March, 2020.

                                                          _/s/ David Bramlette_____
                                                            UNITED STATES DISTRICT JUDGE