IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CHARLES SMITH**                                                                             **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 5:18-cv-86-DCB-MTP**

**JUSTIN GREEN**                                                                          **DEFENDANT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion for Summary Judgment [106] and Defendant's Motion for Summary Judgment [107]. Having carefully considered the parties' submissions and the applicable law, the undersigned recommends that Defendant's Motion [107] be granted, Plaintiff's Motion [106] be denied, and Plaintiff's Complaint [1] be dismissed with prejudice.

## FACTUAL BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, is a post-conviction inmate in the custody of the Mississippi Department of Corrections ("MDOC"). The events he complains of occurred at the Wilkinson County Correctional Facility ("WCCF"), a Mississippi prison that is run by Management & Training Corporation. Plaintiff is currently housed at Central Mississippi Correctional Facility in Rankin County. *See* [107-1] at 6.

Plaintiff claims that on May 29, 2018, Defendant Justin Green "slammed" Plaintiff's right "pinky" finger in the tray slot of his cell door because Plaintiff accused Green of lying. *See* [1] at 4 and 11. Plaintiff claims he was initially denied medical care, but he was eventually seen

1

by Dr. Burke, a physician at WCCF.[1] *Id*. at 4. According to Plaintiff, his finger still hurts, and he cannot move the tip of it. *Id*. at 5.

On August 27, 2020, Plaintiff filed a Motion [106] for Summary Judgment. Defendant Green also filed a Motion [107] for Summary Judgment as well as a Response in Opposition to Plaintiff's Motion [106] along with a transcript of the omnibus hearing, a Declaration by Defendant Green, and Plaintiff's medical records. On September 17, 2020, Plaintiff filed an Affidavit [111] and a Responses [110] to Defendant Green's motion for summary judgment. Defendant Green filed a Reply [112]. Plaintiff filed a second Response in Opposition to Defendant's motion for summary judgment on October 15, 2020, and the motions are now ripe for disposition.

## ANALYSIS

*Summary Judgment Standard*

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the evidence in the light most favorable to the non-moving party. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its

---

[1] When Plaintiff filed his Complaint [1] on August 3, 2018, he asserted claims against Warden Jody Bradley, Officer Chandra Huey, Officer Briana Chester, a "Sgt. Unknown Jones," Lieutenant Bryan Gaston, Major Terry Daniel, Sergeant Michael Jonson, Dr. James B. Burke, Investigator Michael Turner, Athena Trench, Eshunna Robinson, Delvie Gales, Yashicka Matlock, "Unknown" Windlaw, and Tonya Toomey. As of July 7, 2020, the only remaining Defendant in the case is Captain Justin Green.

2

burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is proper "where a party fails to establish the existence of an element essential to his case and on which he bears the burden of proof." *Washington v. Armstrong World Indus., Inc.*, 839 F.2d 1121, 1122 (5th Cir. 1988). In the absence of proof, the Court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted). "It is improper for the district court to 'resolve factual disputes by weighing conflicting evidence, … since it is the province of the jury to assess the probative value of the evidence.'" *McDonald v. Entergy Operations, Inc.*, 2005 WL 2474701, at *3 (S.D. Miss. Apr. 29, 2005) (quoting *Kennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980)). . However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).

*Defendant's Motion for Summary Judgment [107]*

<u>*Excessive Force Claim*</u>

When prison officials are accused of using excessive force in violation of the Eighth Amendment, "the *core judicial inquiry* is . . . whether force was applied in a *good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.*" *Baldwin v.*

*Stalder*, 137 F.3d 836, 838 (5th Cir. 1998) (emphasis in original) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). The Eighth Amendment's "prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Copeland v. Nunan*, 250 F.3d 743, 2001 WL 274738, at *2 (5th Cir. Feb. 21, 2001) (quoting *Hudson*, 503 U.S. at 2) (internal quotations and citations omitted).

In determining whether excessive force was applied, courts consider several factors, including: "(1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response." *Baldwin*, 137 F.3d at 838-39 (internal citations omitted).

Viewing the evidence in the light most favorable to the non-moving party, Plaintiff has failed to show that Defendant Green maliciously or sadistically used force against Plaintiff to cause him harm. As mentioned above, Plaintiff claims that Defendant Green slammed his finger in the tray flap of his cell. *See* [107-17]. Plaintiff's own testimony, however, does not demonstrate that Green even knew Plaintiff's hand was near the flap. Plaintiff testified it was "impossible" not to see his hand, but he also testified that his "hand wasn't on the actual flap of the tray flap; it was behind the actual flap" and it "wasn't breaching the door." *See* [107-1] at 20. Plaintiff admitted he does not know whether Defendant Green knew the flap struck his finger and admitted that Defendant Green never said anything about Plaintiff's hand resting in the tray flap.[2] *See* [107-1] at 15 and 21.

---

[2] Plaintiff submitted an Affidavit [111] along with his Response [110] which states that Defendant Green "deliberately slam[ed] the Plaintiff's right pinky finger in the tray flap." *See* [111] at 2. This statement conflicts with his sworn testimony at the omnibus hearing. *See* [107-1]

Additionally, the medical records demonstrate that Plaintiff did not suffer any serious injury to his hand. X-rays and an examination after the incident revealed no broken bones or evidence of trauma to Plaintiff's finger. *See* [110] at 19; *see also* [107-3] at 38. Even though Plaintiff has complained of injuries to his right pinky finger on a number of occasions, no evidence of damage was ever found. *See* [107-3] at 38; *see also* [110] at 19, 33, 45, 53-54, 59, 61-62, 64-67.

In viewing the facts in the light most favorable to the non-moving party, Plaintiff has not shown any facts that indicate Defendant Green maliciously or sadistically caused harm to Plaintiff. He presented no evidence that Defendant Green knew his finger was in the flap or established any *Baldwin* factors that demonstrate excessive force was used by Defendant Green. Plaintiff's excessive force claim against Defendant Green should be dismissed as a matter of law.

*Denial of Adequate Medical Care*

Plaintiff claims Defendant Green failed to request medical care for his injury on May 29, 2018, the date of the alleged incident. *See* [107-1] at 14. Plaintiff's claims regarding his medical care amount to claims against Defendant Green for violations of the Eighth Amendment. "Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297

---

at 15. Plaintiff provides no explanation for altering his sworn testimony, and therefore, this statement cannot defeat a motion for summary judgment. It is well settled law that the Fifth Circuit "does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." *See e.g., S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495-96 (5th Cir. 1996).

5

(1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A plaintiff must show that a defendant's "response indicate[d] that the [defendant] subjectively intended that harm occur." *Thompson v. Upshur County*, 245 F.3d 447, 458-59 (5th Cir. 2001).

An official is not deliberately indifferent unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 838. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs.'" *Davidson*, 91 Fed. App'x at 965 (quoting *Domino*, 239 F.3d at 756). "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

Plaintiff admitted that he never had a discussion with Defendant Green about receiving medical treatment for his finger, and both parties agree Defendant Green walked off after the alleged incident. *See* [107-1] at 15; *see also* [107-2] at 2. Plaintiff asserts he started complaining to various officers that he needed a doctor, but Plaintiff has not submitted any evidence that indicates Defendant Green refused to get Plaintiff treatment or engaged in conduct in blatant disregard of his medical needs. *See* [107-1] at 14. Conversely, Defendant Green asserts in his Declaration that when he was informed that Plaintiff was complaining about his finger being hurt, he requested medical attention for Plaintiff immediately. *See* [107-2] at 3.

Moreover, the evidence provided in Plaintiff's Response [110] indicates that he received medical treatment for his finger. *See* [110] at 19. On May 31, 2018, Dr. James Burke prescribed ibuprofen and requested an x-ray. *Id*. An update in Plaintiff's medical file on April 30, 2019, states that "XRs of his right hand to date have showed no fracture" and that "he was referred to Orthopedic Surgery which is still [p]ending." *Id*. at 62.

Plaintiff complains that he still hasn't seen "an orthopedic" and alleges that this lack of visiting an orthopedic has led to potentially greater long-term injury. *Id*. at 18. Defendant Green is the only remaining defendant in the lawsuit, and Plaintiff testified that he never spoke to Defendant Green about medical treatment at all, let alone his need for "an orthopedic." *See* [107-1] at 15.

Plaintiff failed to show that Defendant Green denied medical care to Plaintiff after the alleged incident and did not offer any evidence that evinces a wanton disregard for Plaintiff's medical needs. *Davidson*, 91 Fed. App'x at 965. All evidence provided shows that Plaintiff did receive medical care at the clinic within days of the incident. *See* [110] at 19. Even if Plaintiff disagrees with the medical care provided, he has not presented any evidence that there is a

7

genuine issue of material fact for trial that his constitutional rights were violated. *Norton*, 122 F.3d at 292. Therefore, as Plaintiff has not supported his claim with adequate evidence, Defendant's Motion for Summary Judgment should be granted.

*Plaintiff's Motion for Summary Judgment [106]*

Plaintiff asserts that his Motion [106] for Summary Judgment should be granted because there is no genuine issue of material fact. *See* [106]. He claims that the record will reflect that an injury occurred to his right pinky finger, and he is still suffering pain. *Id.* at 3. As previously discussed, Defendant Green is entitled to summary judgment on Plaintiff's claims against him. As Plaintiff has failed to present any evidence establishing a constitutional claim against Defendant Green for excessive force or denial of adequate medical care, Plaintiff's Motion [106] for Summary Judgment should be denied.

## RECOMMENDATION

For the reasons stated above, the undersigned recommends that the Defendant's Motion for Summary Judgment [107] be granted, Plaintiff's Motion for Summary Judgment [106] be denied, and this matter be dismissed with prejudice.

## RIGHT TO OBJECT

In accordance with the rule and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The District Judge at the time may accept, reject, or modify in whole or in part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and

recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1428-29 (5th Cir. 1996).

    THIS the 9th day of November.

s/ Michael T. Parker<br>United States Magistrate Judge