IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


CHARLES SMITH                                              PLAINTIFF

v.                         CIVIL ACTION NO. 5:18-cv-86-DCB-MTP

JUSTIN GREEN                                              DEFENDANTS


ORDER

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 114], which addresses the motions for summary judgment filed by Plaintiff Charles Smith ("Plaintiff") and Defendant Justin Green ("Defendant"). [ECF Nos. 106 & 107, respectively]. Plaintiff has filed an objection to the Report and Recommendation [ECF No. 115]. Having read the Report and Recommendation, the objection, the parties' respective motions for summary judgment and related submissions, including the transcript of the Omnibus Hearing held before the magistrate judge via video teleconference on June 2, 2020 [ECF Nos. 107-1; 115-2] and the relevant excerpts of Plaintiff's medical records [ECF Nos. 107-3; 115-3], and having reviewed relevant statutory and case law, the Court adopts the Report and Recommendation as the conclusions and findings of the Court.

1

Plaintiff, proceeding pro se and in forma pauperis, is a post-conviction inmate in the custody of the Mississippi Department of Corrections. The events about which Plaintiff complains occurred while he was incarcerated at the Wilkinson County Correctional Facility ("WCCF"). [ECF No. 107-1 at 5; ECF No. 115-2 at 5]. Plaintiff has since been transferred to the Central Mississippi Correctional Facility in Rankin County to facilitate his medical treatment as a cancer patient at the Cancer Institute. [ECF No. 107-1 at 23; ECF No. 115-2 at 23]. Plaintiff initially sued multiple persons at WCCF. [ECF No. 1]. Except for Defendant Green, the Court previously dismissed all named defendants from this lawsuit. [ECF Nos. 69, 85, 102].

In his motion for summary judgment [ECF No. 106], Plaintiff claims that Defendant used unnecessary force by slamming Plaintiff's right pinky finger in his cell door tray slot, which Defendant allegedly attempted to cover up. Id. ¶ 7. Plaintiff further claims that he was denied medical treatment and suffers from damage to his finger. Id. ¶ 8.

Defendant argues that Plaintiff has failed to establish the requisite factors under Baldwin v. Stalder, 137 F.3d 836, 838 (5th Cir. 1998), which he must do to prove his case.[1]  [ECF No.

---

[1] In determining whether excessive force was applied, courts consider several factors, including: "(1) the extent of the injury suffered; (2) the need for the application of force; (3)

2

108 at 6]. Because Plaintiff cannot show that Defendant exerted malicious or sadistic force, an essential element in Plaintiff's case, Defendant asserts that summary judgment should be granted in Defendant's favor. Id.

"[S]ummary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (internal quotations omitted). The Court must view the evidence in the light most favorable to the non-moving party. Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004). If the moving party meets its burden, the "nonmovant must go beyond the pleadings and designate specific facts showing there is a genuine issue for trial." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Brown v. Offshore

---

the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of the forceful response." Baldwin, 137 F.3d at 838-39 (internal citations omitted).

Specialty Fabricators, Inc., 663 F.3d 759, 766 (5th Cir. 2011) (quoting Celotex, 477 U.S. at 322).

The Court agrees with the magistrate judge's conclusion that Plaintiff has failed to show any facts that indicate Defendant maliciously or sadistically caused harm to Plaintiff. [ECF No. 114 at 4-5]. When prison officials are accused of using excessive force in violation of the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Baldwin, 137 F.3d at 838 (5th Cir. 1998) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). The Court finds no proof of malicious or sadistic conduct by Defendant on this record. The Court further agrees with the magistrate judge's conclusion that Plaintiff received adequate and timely medical treatment in response to his complaints of injury. [ECF No. 114 at 5-8]. The medical records produced in this case are more than sufficient for the Court to reach that conclusion. See Banuelos v. McFarland, 41 F.33d 232, 235 (5th Cir. 1995) (holding that "[m]edical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference.").

ACCORDINGLY,

4

IT IS HEREBY ORDERED AND ADJUDGED that the Court ADOPTS Magistrate Judge Michael T. Parker's Report and Recommendation [ECF No. 114] as the findings and conclusions of this Court;

IT IS FURTHER ORDERED that Plaintiff Smith's Motion for Summary Judgment [ECF No. 106] is DENIED;

IT IS FURTHER ORDERED that Defendant Green's Motion for Summary Judgment [ECF No. 107] is GRANTED, and this case is dismissed with prejudice.

A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED this the 20th day of January, 2021.


/s/ David Bramlette_____
UNITED STATES DISTRICT JUDGE